NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-431

STATE OF LOUISIANA

VERSUS

ELJUAN DAVETT BOWIE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 295,303
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

AFFIRMED.

James C. Downs
District Attorney
Ninth Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
Counsel for Appellee:
        State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Drawer 1747**
**Alexandria, LA  71309**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
        **Eljuan Davett Bowie**

**Monique Yvette Metoyer**
**Attorney at Law**
**2729 Overton Street**
**Alexandria, LA 71301**
**(318) 473-6650**
**Counsel for Appellee:**
        **State of Louisiana**

**DECUIR, Judge.**

Defendant, Eljuan Bowie, was charged with armed robbery, a violation of La.R.S. 14:64. After a jury trial, Defendant was found guilty as charged, and he was sentenced to forty years at hard labor. Defendant's motion to reconsider sentence was denied with written reasons. Defendant now seeks review by this court, assigning three errors.

## FACTS

The evidence in the record reveals that on December 16, 2007, the victim, Joni Simmons, drove from her home in Colfax to the Alexandria Mall in Rapides Parish to do some Christmas shopping. She left the mall after 6:00 p.m.; since it was already dark she looked around to make sure the area was safe. However, by the time she reached her car, a white two-door vehicle pulled up and a man got out of it with a gun. He demanded her purse and she gave it to him. He responded, "That's right, that's just the way to do it," and turned away to get into the passenger side of the white car. Then, the assailant turned back toward the victim and demanded her car keys which she gave him. He left with two other men who were in the white car. The victim alerted the police, who apprehended Defendant and his two companions in a Wal-Mart parking lot at approximately 1:00 a.m. They were seen attempting to remove the license plate from a two-door white car. At trial, the victim identified Defendant as her assailant.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant argues the evidence adduced at trial was insufficient to support his conviction. His specific allegation is that the State failed to negate any reasonable probability of misidentification. In brief, Defendant cites jurisprudence regarding suggestive identification procedures; however, he does not demonstrate that a suggestive identification took place in the

present case. In fact, Defendant does not assert that the victim's identification of him in a photographic line-up months after the crime was improperly influenced. He alleges only that his picture was darker than the other five in the line-up. However, our view of the evidence, particularly "Photo Line-Up #2" from which the victim identified his picture, shows that Defendant's picture is not darker than the others.

In general, a defendant who seeks to suppress an identification as unduly suggestive "must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure used." *State v. Taylor*, 09-2781, p. 2, (La. 3/12/10), 29 So.3d 481, 482 (footnote omitted). In the present case, Defendant has not only failed to prove suggestiveness in the identification, he has also failed to show any likelihood of misidentification.

Here, the evidence shows the victim was able to view Defendant closely as she handed her purse to him in their initial contact. Before leaving the scene, Defendant faced the victim again as he demanded her keys. The record includes physical evidence corroborating the identification, including the victim's flash drive hanging around Defendant's neck when he was later apprehended and other items found in the car Defendant was riding in: a store card linked by number to the victim, a handgun like the one used in the robbery, a spare license plate. We find the minor inaccuracies in the victim's initial description of Defendant, including his height, his beard, and the model of the car he was in, to be of little consequence.

Defendant has failed to show a suggestive identification process and has likewise failed to show a substantial likelihood of misidentification in the present case. For the reasons discussed, the assignment lacks merit.

2

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, Defendant argues the trial court erred by allowing his alleged accomplice, Marcus Lair, to claim a blanket privilege against self-incrimination. Lair was charged on the same indictment as Defendant and was alleged to be in the white car at the time of the robbery. He entered into a plea agreement with the State. Although he was apprehended with Defendant, the victim was not able to identify Lair; revealing more information about his activities on the night of the offense could have led to his being prosecuted later as a principal to the robbery.

In upholding a trial court's decision to allow the exercise of a blanket Fifth Amendment privilege, the Louisiana Supreme Court has held:

> [Q]uestion by question invocation of the privilege was not necessary under circumstances in which the witness invoking the privilege was charged with participating in the same crime as the defendant on trial and in which it was apparent that the questioning would be devoted to subject matter which would require the defendant to invoke the privilege. . . . In other words, where a witness in this position has reasonable grounds to assert the privilege as to the entire area of expected questioning, we have not required the witness to take the stand and risk making an injurious disclosure through any answer or explanation of a refusal to answer.

*State v. Brown,* 514 So.2d 99, 110-11 (La.1987).

Considering the circumstances regarding Marcus Lair and in light of pertinent jurisprudence, we find the trial court did not err in its ruling. The assignment lacks merit.

## ASSIGNMENT OF ERROR NO. 3

In his final assignment of error, Defendant argues the trial court erred by preventing him from introducing his co-defendant's statement to police. After Marcus Lair asserted his right against self-incrimination and refused to testify, Defendant then sought to introduce Lair's statement. The State objected, observing that the statement was not made under oath and that it would not be

3

subject to cross-examination. The trial court sustained the State's objection and did not allow the statement into evidence. Defendant then made his proffer, orally summarizing the testimony he had expected Lair to give. However, Defendant did not proffer the written statement.

Because the statement at issue does not appear in the record, we are unable to perform a proper analysis of this assignment of error. Therefore, we decline to consider the assignment.

## CONCLUSION

The conviction and sentence are hereby affirmed.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.